CLAIRE-ANN COMPANY v CHRISTENSON AND CHRISTENSON, INC

Docket No. 191653. Submitted December 11, 1996, at Lansing. Decided April 15, 1997, at 9:25 A.M.

Claire-Ann Company, a partnership, brought an action in the Oakland Circuit Court against Christenson and Christenson, Inc., doing business as Jack Christenson, Inc., alleging breach of contract, negligence, breach of fiduciary duty, silent fraud, and misrepresentation. The action against the defendant, a licensed real estate brokerage company that marketed the plaintiff's real property, was brought after a sale of the plaintiff's property to certain buyers did not take place and the plaintiff declared a forfeiture of the buyers' deposit as liquidated damages. The buyers' earnest money check had been delivered to the defendant and was deposited in the defendant's escrow account. The defendant had then received notice from the bank that the check was returned for insufficient funds. The court, Alice L. Gilbert, J., granted summary disposition for the plaintiff with regard to the counts alleging breach of contract, negligence, and breach of fiduciary duty, finding that the defendant acted as an escrow agent on behalf of both the plaintiff and the buyers and breached its statutory duty to deposit timely and account for the earnest money and to immediately notify the plaintiff that the check had been dishonored. The Court of Appeals, DOCTOROFF, C.J., and MURPHY and HOOD, JJ., in an unpublished order entered October 31, 1995 (Docket No. 188126), dismissed the defendant's claim of appeal on the basis that a final order had not been entered. The trial court entered a final order dismissing the remaining counts and awarding the plaintiff half of the earnest money deposit in accordance with the sales contract. The Court of Appeals, GRIFFIN, P.J., and JANSEN and TAYLOR, JJ., in an unpublished order entered February 13, 1996 (Docket No. 191653), granted the defendant leave to appeal from the original granting of the plaintiff's motion for summary disposition.

The Court of Appeals held:

1. Even if the defendant violated the provision of the Occupational Code dealing with the deposit of escrow account money by a licensed real estate broker, MCL 339.2512(j); MSA 18.425(2512)(j), by untimely making its deposit of the earnest money check, no private cause of action based on the statute may be maintained by the

plaintiff. The trial court should have granted summary disposition for the defendant with regard to this theory.

2. Summary disposition was granted erroneously with regard to the plaintiff's contractual theory. The defendant's denial of the receipt of any actual funds created a triable issue of fact.

3. Summary disposition should have been granted for the defendant with regard to the negligence count because the plaintiff failed to come forward with evidence to meet its burden of proof of injury and causation.

Reversed and remanded.

1. ACTIONS — REAL PROPERTY — SALES — ESCROW ACCOUNTS.

The Department of Licensing and Regulation or the Attorney General may bring an appropriate action to enforce the provision of the Occupational Code regarding the deposit of escrow account money by a licensed real estate broker; private persons may not bring such an action (MCL 339.605, 339.2512[j]; MSA 18.425[605], 18.425[2512][j]).

2. CONTRACTS — EVIDENCE — CONSIDERATION.

A written acknowledgment of the receipt of consideration or other form of payment in a contract creates a rebuttable presumption that consideration has, in fact, passed; neither the parol evidence rule nor the doctrine of estoppel bars the presentation of evidence to contradict any such acknowledgment.

3. NEGLIGENCE — BURDEN OF PROOF.

The plaintiff in an action alleging negligence bears the burden of proof of injury and causation.

*Marty A. Burnstein*, for the plaintiff.

*Patrick M. Cleary*, for the defendant.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and E. R. POST*, JJ.

FITZGERALD, P.J. Plaintiff, a partnership, owned property located in the City of Troy that it marketed through defendant, a licensed real estate brokerage company. On October 14, 1994, Joseph Micalles, Tarik

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Toma, and Maurice Germani (the buyers) tendered a written offer to purchase the property on land contract for $430,000. The offer was delivered to defendant with a $25,000 earnest money check that, by the terms of the offer, if accepted, would represent liquidated damages if the buyers later withdrew from the transaction.

The offer was made on a preprinted form, which we note does not meet the plain English standards becoming ever more prevalent. In pertinent part, the agreement provides:

> The Broker is hereby authorized to make this offer and the deposit of $25,000 dollars in [the] form of cash, check, note, shall [*sic*] be held by him under Act No. 112, P.A. of 1960 Sect. 13.(j) as amended and applied on the purchase price if the sale is consummated.
>
> *    *    *
>
> BROKER'S ACKNOWLEDGMENT OF DEPOSIT
> Received from the above named purchaser the deposit money above mentioned, which will be applied as indicated in paragraph 3 and 10, or will be returned forthwith after tender if the foregoing offer and deposit is declined.

This section of the form was signed by the buyers and defendant's agent on October 10, 1994, plaintiff accepted the offer on October 13, 1994, and the buyers acknowledged receipt of this acceptance on October 14.

The buyers' $25,000 check was deposited into defendant's escrow account on October 19, but on October 26, 1994, defendant received notice from its depository bank that the check was returned for insufficient funds. On November 4, 1994, plaintiff, through its general partner, appeared for the closing

at the time and place indicated in the accepted purchase offer, but no representative of the buyers was in attendance. Plaintiff thereupon exercised its right under the agreement to declare a forfeiture and retain the buyers' deposit as liquidated damages and sent a letter to the buyers demanding a release of the deposit money. Plaintiff thereafter made repeated requests for payment of the deposited funds but did not receive the money.

Defendant meanwhile also notified the buyers that their check had been dishonored and demanded cash or a certified check within five business days. The buyers did not respond.

Plaintiff initiated this lawsuit on February 5, 1995, alleging breach of contract, negligence, breach of fiduciary duty, silent fraud, and misrepresentation. Plaintiff thereafter moved for summary disposition with regard to the breach of contract, negligence, and breach of fiduciary duty counts under MCR 2.116(C)(10); defendant filed a cross motion for summary disposition regarding all counts of the complaint under MCR 2.116(C)(8) and (10). After a hearing, the trial court granted plaintiff's motion for summary disposition regarding all three requested grounds, determining that defendant acted as an escrow agent on behalf of both the buyers and the seller and that defendant breached its statutory obligation to timely deposit and account for the earnest money and to immediately notify plaintiff that the buyers' check had bounced.

Although a judgment was not entered, defendant filed a claim of appeal, which this court dismissed for lack of jurisdiction because no final order had been entered. *Children's Hosp of Michigan v Auto Club*

*Ins Ass'n,* 450 Mich 670, 676-677; 545 NW2d 592 (1996). Although a final order was entered granting plaintiff half the earnest money deposit (the contract providing that defendant would retain the other half as its fee for services rendered), defendant never filed a claim of appeal from that order, but rather pursued a late application for leave to appeal from the original granting of the plaintiff's motion for summary disposition, which this court granted. We now reverse.

The contractual reference to 1960 PA 112, § 13(j), as amended, incorporates into the contract MCL 339.2512(j); MSA 18.425(2512)(j). That statute provides in pertinent part:

> A licensee shall be subject to the penalties set forth in article 6 who commits 1 of the following:
>
> *      *      *
>
> (j) Except in the case of property management accounts, failure to deposit in a custodial trust or escrow account money belonging to others coming into the hands of the licensee in compliance with the following:
>
> *      *      *
>
> (iv) A real estate broker shall deposit within 2 banking days after the signing of a purchase agreement by all parties, but not later than 5 days after receipt, money belonging to others in a separate custodial trust or escrow account maintained by the real estate broker with a bank, savings and loan association, credit union, or recognized depository until the transaction involved is consummated or terminated, at which time the real estate broker shall account for the full amount received.

On the basis of this statute, plaintiff contends that defendant must account for the $25,000 earnest money deposit, receipt of which it acknowledged in

writing, and that defendant's breach of the statutory time limits entitles plaintiff to recover according to the terms of the contract one-half the earnest money.

This statute by its terms deals with licensed real estate brokers and provides that, for a breach of its requirements, the licensee "shall be subject to the penalties set forth in article 6." Article 6 is MCL 339.601 *et seq.*; MSA 18.425(601) *et seq.* That chapter of the Occupational Code provides criminal penalties for practicing an occupation subject to licensure without the requisite license, MCL 339.601(3); MSA 18.425(601)(3), and permits an "affected person" to maintain injunctive action to restrain or prevent a person from practicing an occupation without a license. MCL 339.601(5); MSA 18.425(601)(5). For other violations of the Occupational Code, article 6 provides for one or more of a sequence of administrative licensing sanctions, including a limitation on the license, suspension, revocation, or denial of renewal of the license, a civil fine payable to the Department of Licensing and Regulation not to exceed $10,000, censure, probation, or a requirement that restitution be made. MCL 339.602; MSA 18.425(602). Of prime importance is the statutory directive that the Department of Licensing and Regulation may bring any appropriate action in the name of the people of this state to carry out and enforce the Occupational Code, and the Attorney General is authorized to intervene and prosecute all such cases. MCL 339.605; MSA 18.425(605).

Nowhere in article 6 is there any intimation by the Legislature that private persons may bring or intervene in civil actions to enforce any of the provisions of the Occupational Code. Michigan jurisprudence

holds that where a statute creates a new right or imposes a new duty unknown to the common law and provides a comprehensive administrative or other enforcement mechanism or otherwise entrusts the responsibility for upholding the law to a public officer, a private right of action will not be inferred. *Forster v Delton School Dist*, 176 Mich App 582, 585; 440 NW2d 421 (1989); *Bell v League Life Ins Co*, 149 Mich App 481, 482-483; 387 NW2d 154 (1986); *Ohlsen v DST Industries, Inc*, 111 Mich App 580; 314 NW2d 699 (1981). Application of this rule to the present case—assuming arguendo that defendant was tardy in depositing the buyers' earnest money check—is particularly appropriate, where the Legislature has explicitly provided for a limited private right of action to enjoin the unlicensed practice of an occupation subject to licensure. This makes clear that in enacting the Occupational Code the Legislature considered whether and to what extent private rights of action unknown to the common law ought to be created, and thus that the failure to provide for such private rights with respect to violations of other than the licensing requirements was advertent, an archetypal exemplar of the principle of *expressio unius est exclusio alterius*. *Feld v Robert & Charles Beauty Salon*, 435 Mich 352, 362; 459 NW2d 279 (1990). Therefore, even assuming that defendant violated the escrow statute by making its deposit of the earnest money check untimely, no cause of action based on the statute may be maintained by plaintiff. Summary disposition in favor of defendant with regard to this theory, for failure of the complaint to plead a cause of action on which relief may be granted, should have been entered by the trial court.

With respect to plaintiff's contractual theory, summary disposition in favor of plaintiff was erroneously granted. The correct rule is that a written acknowledgment of receipt of consideration or other form of payment in a contract merely creates a rebuttable presumption that consideration has, in fact, passed. Neither the parol evidence rule nor the doctrine of estoppel bars the presentation of evidence to contradict any such acknowledgment. *Hagan v Moch*, 249 Mich 511, 517; 229 NW 629 (1930); *Eastern Mich Univ Bd of Control v Burgess*, 45 Mich App 183, 185-186; 206 NW2d 256 (1973). Accordingly, defendant's denial of the receipt of any actual funds at least creates a triable issue of fact that precludes summary disposition in favor of plaintiff; we express no opinion regarding whether, given that plaintiff appears not to contest defendant's disclaimer, summary disposition for defendant might be appropriately granted on remand.

Finally, with respect to plaintiff's negligence theory, assuming again that defendant owed a duty to plaintiff to seasonably deposit the earnest money into an escrow or trust account, no showing has been made or tendered by plaintiff that, at the time defendant received the buyers' check, or before its actual deposit, sufficient funds existed in the drawer's account to cover the instrument, so that any delay by defendant (if negligent, i.e., if the delay was unreasonable according to the standard of a reasonable person) was a proximate cause of any injury to plaintiff. Inasmuch as plaintiff bears the burden of proof of injury and causation, *Moning v Alfono*, 400 Mich 425, 437 ff; 254 NW2d 759 (1977), and failed to come forward with evidence regarding that issue, summary

disposition for defendant with regard to the negligence count should have been granted by the trial court. *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.