DYBATA v WAYNE COUNTY

Docket Nos. 283413 and 283414. Submitted October 7, 2009, at Detroit.
     Decided March 25, 2010, at 9:00 a.m.

     Tina and Ryan Dybata and other residents of the city of Dearborn
     Heights brought an action in the 20th District Court, Mark J.
     Plawecki, J., against Wayne County and the city, seeking damages
     that resulted when sewage backed up into their homes following a
     significant rainfall. The district court denied the county's motion
     for summary disposition on the basis that the plaintiffs had
     provided the required statutory notice of their claims to the city,
     which in turn was required to notify the county, and the notice to
     the city was sufficient to allow plaintiffs' claims to proceed against
     the county. The county and the city appealed separately in the
     Wayne Circuit Court and the appeals were consolidated. The
     circuit court, Prentis Edwards, J., agreed with the district court
     and affirmed its decision to deny the county's motion for summary
     disposition. The Court of Appeals granted two separate applica-
     tions for leave to appeal by the county and consolidated the
     appeals.

         The Court of Appeals held:

         1. Notice of an "event" together with a list of the affected
     households does not constitute written notice of a "claim" for
     purposes of MCL 691.1419(1).

         2. MCL 691.1419(2) controls under the facts of this case and is
     dispositive of the parties' arguments. This section provides that if
     a person who owns or occupies affected property notifies a con-
     tacting agency orally or in writing of an event before providing
     notice of a claim that complies with MCL 691.1419(1), the contact-
     ing agency shall provide the person with written information
     concerning where and how to file a claim. Here, the county was
     sufficiently notified of an event before the affected individuals
     provided a notice of a claim that complies with MCL 691.1419(1).
     Therefore, the county's receipt of the list of affected properties
     from the city was sufficient to trigger the county's obligation
     under MCL 691.1419(2) to provide information to the affected
     households and property owners concerning where and how to file
     a claim. Despite receiving the list, the county's contacting agency

never provided the affected individuals any written information concerning where and how to file a claim.

3. Plaintiffs made the necessary showing required by MCL 691.1419(3)(a) and (b), namely, that the county received timely notice of an event as envisioned by MCL 691.1419(2), that the county failed to provide plaintiffs information concerning where and how to file a claim, and that plaintiffs' failure to file a notice of their claims under MCL 691.1419(1) was caused by the county's failure to provide the information required by MCL 691.1419(2). Therefore, plaintiffs' failure to comply with the notice requirements of MCL 691.1419(1) did not bar plaintiffs from bringing a civil action under MCL 691.1417 against the county. The district court and the circuit court reached the correct result, although for the wrong reason.

Affirmed.

DRAINS — SEWAGE DISPOSAL SYSTEM EVENTS — NOTICE — CLAIMS.

An appropriate governmental agency's receipt of notice of a sewage disposal system event together with a list of the households affected by the event from a person who owns or occupies the affected property does not constitute written notice of a "claim" regarding the event for purposes of providing notice of a claim that complies with MCL 691.1419(1) (MCL 691.1416[b]).

*Ball & Ball, LLP (by Bettie K. Ball)*, for Tina and Ryan Dybata and others.

*Wayne County Corporation Counsel (by Edward M. Thomas and Ronald P. Weitzman) and Bodman LLP (by R. Craig Hupp and Thomas P. Bruetsch)* for Wayne County.

Before: K. F. KELLY, P.J., and JANSEN and FITZGERALD, JJ.

JANSEN, J. In these consolidated appeals, defendant Wayne County (the county) appeals by leave granted the circuit court's order affirming the district court's denial of its motion for summary disposition brought pursuant to MCR 2.116(C)(7) (governmental immunity). We affirm for the reasons set forth in this opinion.

Plaintiffs are residents of the city of Dearborn Heights (the city). Plaintiffs sued the city and the county to recover damages that resulted when sewage backed up into their homes following a significant rainfall. The issue presented in this appeal is whether the county was entitled to summary disposition on the ground that plaintiffs had failed to comply with certain statutory notice requirements contained in the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* Both the district and circuit courts concluded that plaintiffs had provided the required statutory notice of their claims to the city, which in turn was required to notify the county of those claims pursuant to MCL 691.1419(4). Both courts concluded that plaintiffs' notice to the city was sufficient to allow their claims to proceed against the county, and that the county was therefore not entitled to summary disposition on the issue of notice. Although we disagree with the exact reasoning of the district and circuit courts, we conclude that the correct result was reached in denying the county's motion for summary disposition.

Summary disposition may be granted when, among other things, a claim is barred by governmental immunity. MCR 2.116(C)(7). When considering a motion brought under subrule C(7), the trial court must consider any affidavits, depositions, admissions, or other documentary evidence submitted by the parties to determine whether there is a genuine issue of material fact precluding summary disposition. MCR 2.116(G)(5); *Guerra v Garratt*, 222 Mich App 285, 289; 564 NW2d 121 (1997). If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of those facts, then the question whether the claim is barred by governmental immunity is an issue of law. See *id.* However, if a question of fact exists to the extent that

factual development could provide a basis for recovery, dismissal is inappropriate. *Id.*

A trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "We review the record in the same manner as the trial court to determine whether the movant was entitled to judgment as a matter of law." *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). We review de novo questions of statutory interpretation, as well as the application of governmental immunity. *Id.*; *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996).

The GTLA provides various exceptions to the doctrine of governmental immunity. One of those exceptions, contained in § 17 of the GTLA, MCL 691.1417, allows individuals to sue for damages resulting from a "sewage disposal system event."[1] MCL 691.1417 provides:

> (1) To afford property owners, individuals, and governmental agencies greater efficiency, certainty, and consistency in the provision of relief for damages or physical injuries caused by a sewage disposal system event, a

---

[1] MCL 691.1416(k) defines the terms "[s]ewage disposal system event" and "event" as

the overflow or backup of a sewage disposal system onto real property. An overflow or backup is not a sewage disposal system event if any of the following was a substantial proximate cause of the overflow or backup:

(*i*) An obstruction in a service lead that was not caused by a governmental agency.

(*ii*) A connection to the sewage disposal system on the affected property, including, but not limited to, a sump system, building drain, surface drain, gutter, or downspout.

(*iii*) An act of war, whether the war is declared or undeclared, or an act of terrorism.

claimant and a governmental agency subject to a claim shall comply with this section and the procedures in sections 18 and 19.

(2) A governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is a sewage disposal system event and the governmental agency is an appropriate governmental agency.[2] Sections 16 to 19 abrogate common law exceptions, if any, to immunity for the overflow or backup of a sewage disposal system and provide the sole remedy for obtaining any form of relief for damages or physical injuries caused by a sewage disposal system event regardless of the legal theory.

(3) If a claimant, including a claimant seeking noneconomic damages, believes that an event caused property damage or physical injury, the claimant may seek compensation for the property damage or physical injury from a governmental agency if the claimant shows that all of the following existed at the time of the event:

(a) The governmental agency was an appropriate governmental agency.

(b) The sewage disposal system had a defect.

(c) The governmental agency knew, or in the exercise of reasonable diligence should have known, about the defect.

(d) The governmental agency, having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy the defect.

(e) The defect was a substantial proximate cause of the event and the property damage or physical injury.

(4) In addition to the requirements of subsection (3), to obtain compensation for property damage or physical injury from a governmental agency, a claimant must show both of the following:

---

[2] MCL 691.1416(b) defines "[a]ppropriate governmental agency" as "a governmental agency that, at the time of a sewage disposal system event, owned or operated, or directly or indirectly discharged into, the portion of the sewage disposal system that allegedly caused damage or physical injury."

(a) If any of the damaged property is personal property, reasonable proof of ownership and the value of the damaged personal property. Reasonable proof may include testimony or records documenting the ownership, purchase price, or value of the property, or photographic or similar evidence showing the value of the property.

(b) The claimant complied with section 19.

Section 19 of the GTLA, MCL 691.1419, provides, in pertinent part:

(1) Except as provided in subsections (3) and (7), a claimant is not entitled to compensation under section 17 unless the claimant notifies the governmental agency of a claim of damage or physical injury, in writing, within 45 days after the date the damage or physical injury was discovered, or in the exercise of reasonable diligence should have been discovered. The written notice under this subsection shall contain the content required by subsection (2)(c) and shall be sent to the individual within the governmental agency designated in subsection (2)(b). To facilitate compliance with this section, a governmental agency owning or operating a sewage disposal system shall make available public information about the provision of notice under this section.

(2) If a person who owns or occupies affected property notifies a contacting agency[3] orally or in writing of an

---

[3] MCL 691.1416(d) provides that a

"[c]ontacting agency" means any of the following within a governmental agency:

(i) The clerk of the governmental agency.

(ii) If the governmental agency has no clerk, an individual who may lawfully be served with civil process directed against the governmental agency.

(iii) Any other individual, agency, authority, department, district, or office authorized by the governmental agency to receive notice under section 19, including, but not limited to, an agency, authority, department, district, or office responsible for the opera-

event before providing a notice of a claim that complies with subsection (1), the contacting agency shall provide the person with all of the following information in writing:

(a) A sufficiently detailed explanation of the notice requirements of subsection (1) to allow a claimant to comply with the requirements.

(b) The name and address of the individual within the governmental agency to whom a claimant must send written notice under subsection (1).

(c) The required content of the written notice under subsection (1), which is limited to the claimant's name, address, and telephone number, the address of the affected property, the date of discovery of any property damages or physical injuries, and a brief description of the claim.

(3) A claimant's failure to comply with the notice requirements of subsection (1) does not bar the claimant from bringing a civil action under section 17 against a governmental agency notified under subsection (2) if the claimant can show both of the following:

(a) The claimant notified the contacting agency under subsection (2) during the period for giving notice under subsection (1).

(b) The claimant's failure to comply with the notice requirements of subsection (1) resulted from the contacting agency's failure to comply with subsection (2).

(4) If a governmental agency that is notified of a claim under subsection (1) believes that a different or additional governmental agency may be responsible for the claimed property damages or physical injuries, the governmental agency shall notify the contacting agency of each additional or different governmental agency of that fact, in writing, within 15 business days after the date the governmental agency receives the claimant's notice under subsection (1). This subsection is intended to allow a different or additional governmental agency to inspect a claimant's property or investigate a claimant's physical injury before

---

tion of the sewage disposal system, such as a sewer department, water department, or department of public works.

litigation. Failure by a governmental agency to provide notice under this subsection to a different or additional governmental agency does not bar a civil action by the governmental agency against the different or additional governmental agency.

(5) If a governmental agency receives a notice from a claimant or a different or additional governmental agency that complies with this section, the governmental agency receiving notice may inspect the damaged property or investigate the physical injury. A claimant or the owner or occupant of affected property shall not unreasonably refuse to allow a governmental agency subject to a claim to inspect damaged property or investigate a physical injury. This subsection does not prohibit a governmental agency from subsequently inspecting damaged property or investigating a physical injury during a civil action brought under section 17.

When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). When the language of a statute is clear and unambiguous, the statute must be enforced as written. *Id*. But a statute may be ambiguous if it irreconcilably conflicts with another provision "or when it is *equally* susceptible to more than a single meaning." *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004) (emphasis in original). In construing such a statute, we must always use common sense to effectuate the Legislature's purpose and to avoid unreasonable consequences. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994); *In re RFF*, 242 Mich App 188, 198; 617 NW2d 745 (2000).

In the present case, it is undisputed that none of the plaintiffs provided the county with written notice of their claims pursuant to MCL 691.1419(1). The county argues that, under § 19(1), the mere giving of notice

that an event occurred and a list of affected households is insufficient to constitute notice that a specific individual actually intends to file a *claim*. In response, plaintiffs contend that the county failed to comply with the public information provision contained in the final sentence of § 19(1), which requires that "[t]o facilitate compliance with this section, a governmental agency owning or operating a sewage disposal system shall make available public information about the provision of notice under this section." But plaintiffs have failed to submit any evidence with regard to the applicability of this public information requirement. Moreover, we note that in contrast to §§ 19(2) and (3), § 19(1) is silent concerning the effect of an agency's failure to comply. Thus, even assuming that plaintiffs are correct that the county did not provide the public information envisioned by this provision, it does not necessarily follow that plaintiffs were relieved of the requirement to provide written notice of their claims under § 19(1).

Plaintiffs also contend that § 19(1) should have been deemed satisfied in these cases because the county received notice that an event occurred, and was provided with a list of names, addresses, and telephone numbers of the affected households. However, the plain language of § 19(1) requires written notice of a *claim*, and not merely notice of an event with a list of affected households. We must agree with the county that notice of an event, together with a list of affected households, does not constitute written notice of a *claim* for purposes of § 19(1). See *Nuculovic v Hill*, 287 Mich App 58, 69-70; 783 NW2d 124 (2010) (holding that notice of an "occurrence" was not sufficient to comply with an unrelated statutory provision requiring written notice of a "claim").

Nevertheless, we conclude that the county was not entitled to summary disposition on the issue of notice. While the parties, the district court, and the circuit court focused their analyses on MCL 691.1419(4), we believe that MCL 691.1419(2) controls in this situation and is dispositive of the parties' arguments here.

Section 19(2) provides that "[i]f a person who owns or occupies affected property *notifies a contacting agency* orally or in writing *of an event* before providing a notice of a claim that complies with subsection (1), the contacting agency *shall provide* the person with" written information concerning where and how to file a claim. MCL 691.1419(2) (emphasis added). Plaintiffs provided evidence that John Baratta and Steve Kalinowski, both identified as county representatives, attended a meeting on May 24, 2004, where they discussed the "event" with representatives of the affected communities, including the city. The parties do not address whether Kalinowski or Baratta can be considered a "contacting agency" within the meaning of MCL 691.1416(d) (a county clerk, an individual authorized to accept process, or "[a]ny other individual, agency, authority, department, district, or office authorized by the governmental agency to receive notice under section 19, including, but not limited to, an agency, authority, department, district, or office responsible for the operation of the sewage disposal system, such as a sewer department, water department, or department of public works"). But in any event, Baratta also attended a meeting on May 27, 2004, where he "requested that the Downriver Communities forward address information on properties that experienced basement flooding during the storm events which began on May 21st." It is undisputed that the city was one of the affected communities and responded to Baratta's request by sending the county a list of names, addresses, and telephone

numbers of many affected homeowners, including all plaintiffs except Diane McBride.[4]

We acknowledge that although § 19(2) contemplates that "a person who owns or occupies affected property" will provide notice of the event, the list provided to the county in these cases was actually received from the city rather than the individual property owners.[5] However, it is evident that the information contained in the list—i.e., the names, addresses, and telephone numbers of the affected individuals—originally came from the persons who owned or occupied the affected properties, and was merely compiled and transmitted to the county by the city. Accordingly, we conclude that the county was sufficiently "notifie[d] . . . orally or in writing *of an event* before [the affected individuals] provid[ed] a notice of a claim that complies with subsection (1) . . . ." MCL 691.1419(2) (emphasis added). Therefore, we further conclude that the county's receipt of the list from the city was sufficient to trigger its obligation under

---

[4] McBride submitted an affidavit stating that she had contacted the city and that her name was included on the city's list of persons who had called. Therefore, it appears that McBride's name should have been on the list of affected households provided by the city to the county. Nevertheless, McBride's name does not appear on the list provided by the city to the county. We find that there is a factual question regarding the omission of McBride's name from this list (e.g., whether McBride never contacted the city in the first instance, whether she called the city but her name was omitted inadvertently from the list forwarded to the county, whether a page is missing, or whether the list was prepared and forwarded to the county before McBride called the city). If McBride can establish that the county received notice that she was among the affected property owners, her claim should be entitled to proceed with the claims of the remaining plaintiffs. However, if McBride is unable to satisfy § 19(2), her claim against the county will be barred by governmental immunity.

[5] The county concedes that it produced the list during discovery, but claims that it did not know what the list meant or where it came from. This argument simply raises a question of fact to be resolved below.

§ 19(2) to provide information to the affected households and property owners concerning where and how to file a claim.

Despite receiving the list, which constituted notice of an event sufficient to trigger its obligation under § 19(2), it is undisputed that the county's "contacting agency" never provided the affected individuals with any written information concerning where and how to file a claim as required by § 19(2). Section 19(3) provides that "[a] claimant's failure to comply with the notice requirements of subsection (1) does not bar the claimant from bringing a civil action" if the claimant has provided notice to the contacting agency under subsection (2) and "[t]he claimant's failure to comply with the notice requirements of subsection (1) resulted from the contacting agency's failure to comply with subsection (2)." MCL 691.1419(3)(a) and (b). Plaintiffs have specifically alleged that they would have filed notices of their claims with the county under § 19(1) if they had known of the requirement to do so, and that the reason they did not file notices of their claims with the county was that they were never provided with information concerning where and how to file a claim, contrary to § 19(2).

Accepting these allegations as true, as we must, *Guerra*, 222 Mich App at 289, we conclude that plaintiffs have made the necessary showing required by §§ 19(3)(a) and (b)—namely, that the county received timely notice of an event that affected plaintiffs' properties as envisioned by § 19(2), that the county failed to provide plaintiffs any information concerning where and how to file a claim as required by § 19(2), and that plaintiffs' failure to file a notice of their claims under § 19(1) was caused by the county's failure to provide the information required by § 19(2). Accordingly, plaintiffs'

"failure to comply with the notice requirements of subsection (1) *d[id] not bar [plaintiffs] from bringing a civil action under section 17* against [the county] . . . ." MCL 691.1419(3) (emphasis added).

In sum, the present claims are not barred by plaintiffs' failure to provide written notice of their claims directly to the county under § 19(1). See MCL 691.1419(3). The district court reached the correct result when it denied the county's motion for summary disposition, and the circuit court reached the correct result when it affirmed the district court's ruling. It is axiomatic that we will not reverse when. the lower courts have reached the correct result, even when they have done so for the wrong reason. See, e.g., *Netter v Bowman,* 272 Mich App 289, 308; 725 NW2d 353 (2006); *Taylor v Laban,* 241 Mich App 449, 458; 616 NW2d 229 (2000).

In light of our conclusions, we need not address whether plaintiffs' notice to the city was also sufficient to satisfy the requirement of notice to the county under the language of § 19(4).

Affirmed. No taxable costs pursuant to MCR 7.219, a public question having been involved.