*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DETROIT INVEST CORPORATION, doing
business as DETROIT INVEST, INC.,

        Plaintiff/Counterdefendant-Appellee,

v

DETROIT WATER AND SEWAGE
DEPARTMENT,

        Defendant/Counterplaintiff-Appellant,

and

DORE AND ASSOCIATES CONTRACTING,
INC.,

        Defendant.

UNPUBLISHED
October 22, 2020

No. 348675
Wayne Circuit Court
LC No. 18-003729-CZ

Before: METER, P.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

Defendant Detroit Water and Sewage Department appeals by right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) (governmental immunity). For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

Plaintiff is the owner of an apartment building located at 18230 Weaver Street, Detroit. At the City of Detroit's request, in September and October 2015, defendant Dore and Associates Contracting, Inc. (Dore), demolished two apartment buildings on an adjacent parcel known as 18110 Weaver Street. The sewer main servicing plaintiff's apartment building runs through the 18110 parcel, which is now a vacant lot. According to plaintiff's property manager, there were a number of small sewer backups following the demolition. Plaintiff hired a private plumber who determined that there was no obstruction in the service lead connecting the apartment building to the sewer line.

-1-

The first major flooding occurred on November 29, 2016, when what plaintiff described as a "massive backup of raw sewage" flooded the ground floor of the apartment building. Plaintiff immediately notified defendant, who sent a vacuum truck to clear out the two catch basins near the apartment building that were full. Defendant returned on December 6, 2016 to run a "jetter" through the catch basins, which according to plaintiff are connected to the service lead. However, defendant's efforts failed to permanently rectify the problem and backups in the building continued.

On January 11, 2017, plaintiff filed a written claim with defendant for damages resulting from the November 2016 incident. After investigation, on August 31, 2017, defendant denied plaintiff's claim on the basis that the alleged damages were not caused by any defect in the sewer system but rather by a defect in the private service lead.

The next major flooding for which plaintiff seeks damages occurred on October 13, 2017. Plaintiff notified defendant of wastewater backing up in the apartment's ground floor and insisted that there must be a blockage somewhere in the main sewer line that was causing the repeated backups. Defendant did not immediately dispatch a crew, and plaintiff rented a high capacity pump to pump the water out of the ground floor, as it did on several occasions. On November 6, 2017, defendant dispatched a crew to jet and vacuum the catch basins. Plaintiff removed its tenants from the apartment building in November 2017 because of the unsanitary conditions.

After a local TV station reported on the wastewater in plaintiff's apartment building, defendant again sent a crew to address the problem and also engaged contractor Inland Waters Pollution Control (IWPC) for assistance. On January 24, 2018, both defendant and IWPC performed work on the main sewer line and manholes. The leader of defendant's crew reported assisting the "manhole cleaning crew" and the vacuum truck cleaning the sewer line. It is undisputed that debris was removed from a sewer main manhole and that the wastewater in the apartment building receded. IWPC communicated its findings to defendant in a January 25, 2018 e-mail, stating: "The adjacent sewer appeared to be surcharged [, i.e., overflowing,] and our crews were able to clear the line."

In April 2018, plaintiff filed its complaint against defendant and later filed an amended complaint adding Dore as a defendant. Plaintiff alleges that Dore's demolition of the buildings in the adjacent lot caused construction debris to enter the sewer, which led to the blockage and the backups in the apartment building.

Before discovery was completed, defendant moved for summary disposition of plaintiff's complaint under MCR 2.116(C)(7).[1] Defendant's primary argument was that it vacated the sewer line at issue in 1967 and so no longer owned it. Defendant also argued that the blockage causing the flooding was in the service lead, not the main sewer line. Finally, defendant contended that plaintiff was barred from seeking recovery for damages relating to the October 13, 2017 flooding because it did not file a written claim for that event.

---

[1] Defendant also moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim), but it appeals only the denial of governmental immunity under MCR 2.116(C)(7).

In response, plaintiff argued that defendant had retained ownership of the sewer system despite vacating portions of the surrounding streets and that there was a material question of fact whether the blockage was caused by an obstruction in the sewer main as opposed to the service lead. Plaintiff also argued that it was not required to file a written claim for the October 2017 flooding after filing one in November 2016 because defendant was aware of the ongoing backups and never advised plaintiff that it needed to file an additional claim.

The trial court held a hearing on defendant's motion on April 11, 2019. On April 29, 2019, the court entered an order denying the motion "for the reasons set forth on the record." This appeal followed.[2]

## II. DISCUSSION

One exception to the immunity provided by the governmental tort liability act, MCL 691.1401, *et seq.*, is the "sewage-disposal-system-event exception." *Margaris v Genesee Co*, 324 Mich App 111, 125 n 3; 919 NW2d 659 (2018) (quotation marks and citation omitted). Under this exception, "[a] governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is a sewage disposal system event and the governmental agency is an appropriate governmental agency." MCL 691.1417(2). A "sewage disposal system" means "all interceptor sewers, storm sewers, sanitary sewers, combined sanitary and storm sewers, sewage treatment plants, and all other plants, works, instrumentalities, and properties used or useful in connection with the collection, treatment, and disposal of sewage and industrial wastes, and includes a storm water drain system under the jurisdiction and control of a governmental agency." MCL 691.1417(j). A "sewage disposal system event" is defined as "the overflow or backup of a sewage disposal system onto real property." MCL 691.1416(k).

To begin, we address the fact that defendant, as the appellant in this case, failed to produce the transcript of the trial court's hearing on the motion for summary disposition. "The appellant must provide this Court with the lower court record, and this includes the filing of all transcripts in the lower court file." *Thompson v Thompson*, 261 Mich App 353, 359 n 1; 683 NW2d 250 (2004). Under MCR 7.210(B)(1)(a), defendant was required to "order from the court reporter or

---

[2] We review de novo a trial court's decision to grant or deny summary disposition. *Galea v FCA US LLC*, 323 Mich App 360, 368; 917 NW2d 694 (2018). Summary disposition may be granted under MCR 2.116(C)(7) for an "immunity granted by law." In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), we summarized the standards for analyzing a motion brought under that subrule:

> [T]his Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

recorder the full transcript of testimony and other proceedings in the trial court or tribunal." In its claim of appeal, defendant asserted that the "complete transcript" had been ordered. Yet, while defendant eventually obtained some of the lower court transcripts, it failed to produce the transcript of the April 11, 2019 hearing on defendant's motion for summary disposition. Further, defendant did not pursue any of the options available to appellants that do not wish to, or are unable to, produce the complete transcript of the lower court proceedings. That is, defendant did not file a motion to request that less than the full transcript could be produced, MCR 7.210(B)(1)(c); it did not seek a stipulation from plaintiff that less than the full transcript could be produced, MCR 7.210(B)(1)(d); and the parties did not agree to file an agreed-on statement of facts, MCR 7.210(B)(1)(e). Instead, despite repeated requests from this Court for the missing summary-disposition transcript, defendant has simply chosen to not produce it.

Generally, "this Court will refuse to consider issues for which the appellant failed to produce the transcript." *PT Today, Inc v Com'r of Office of Fin & Ins Servs*, 270 Mich App 110, 151-152, 715 NW2d 398 (2006). See also *Hoffenblum v Hoffenblum*, 308 Mich App 102, 118; 863 NW2d 352 (2014). In this case, the trial court's written order denying defendant's motion for summary disposition relies on "the reasons set forth on the record" as the basis for denial. Thus, in the absence of the relevant transcript, we are unable to review the trial court's reasoning for the contested ruling. See *PT Today, Inc*, 270 Mich App at 152. While it is clear that the trial court found a question of fact whether the sewer system had a defect and that plaintiff was not required to file a separate claim for the October 2017 flooding, we are denied the underlying reasoning for the court's rulings. It is of no moment that defendant is appealing a ruling that we review de novo. De novo review is still review, and there is no exception in the court rule for the producing summary-disposition transcripts. Although not entitled to deference, the trial court's reasoning in granting or denying summary disposition will often be found persuasive on appeal. Accordingly, we conclude that defendant has effectively abandoned its appeal for failure to comply with MCR 7.210. See *Kern v Kern-Koskela*, 320 Mich App 212, 229-230; 905 NW2d 453 (2017); *Waterford Sand & Gravel Co v Oakland Disposal, Inc*, 194 Mich App 571, 572; 487 NW2d 511 (1992).

Even if defendant had not abandoned the preserved issues raised in its appeal,[3] we would conclude the trial court did not err when it determined that there was an issue of fact whether the sewer system had a defect and that plaintiff was not required to file a separate claim for the October 2017 flooding event.

A plaintiff seeking compensation for damage caused by a sewage disposal system event, must show, among other requirements, that the "[t]he sewage disposal system had a defect." MCL

---

[3] "An issue must have been raised before and addressed and decided by the trial court to be deemed preserved for appellate review." *Lenawee Co v Wagley*, 301 Mich App 134, 164; 836 NW2d 193 (2013). Defendant did not argue before the trial court, as it does on appeal, that any defect did not cause 50% or more of the damage claimed by plaintiff and that defendant did not know of the defect despite its reasonable diligence. Defendant waived these arguments on appeal by failing to raise them below. See *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 377; 761 NW2d 353 (2008).

691.1417(3)(b). A "defect" is defined as "a construction, design, maintenance, operation, or repair defect," MCL 691.1416(e). An obstruction of the sewer by a foreign object constitutes a defect. *Willet v Charter Twp of Waterford*, 271 Mich App 38, 52; 718 NW2d 386 (2006).

Viewing the evidence in a light most favorable to the nonvmoving party, there is ample evidentiary support for plaintiff's allegation that the sewage system had a defect. After a year of defendant insisting that the backups were caused by an obstruction in the service lead, in January 2018 extensive work was done on the main sewer line after which wastewater in the apartment building receded and water in the sewer main flowed freely. According to plaintiff, there have been no backups in the apartment building since. Defendant does not dispute that there was debris removed from the sewer, and, tellingly, it no longer asserts that the defect was in the service lead.[4] Instead, defendant now argues that the debris removed from the sewer line "was not the same debris that allegedly entered the system during the demolition." In other words, defendant argues that, although plaintiff has identified a defect in the system, its claim nonetheless fails because it has not identified the cause of that defect.

First, based on the record before us, there is at least a question of fact whether the debris was the result of the demolitions conducted at the City's behest in September and October 2015. Plaintiff's property manager explained that small backups began after the demolition, with the first major flooding occurring in November 2016. Plaintiff's theory that the debris from demolition accumulated over time until a major blockage was formed is reasonable, and defendant has neither produced evidence to the contrary nor offered any alternative theory consistent with the evidence.

More important, defendant does not identify any support for its position that plaintiff's claim fails if it cannot identify the source of the debris causing the blockage. Defendant's reliance on *Willet* is misplaced. There, we merely affirmed summary disposition for the defendant on the grounds that it took reasonable steps within a reasonable time to remedy the defect, *Willet*, 271 Mich App at 55; we did not hold that government agencies are not liable for obstructions caused by unknown third parties. While plaintiff must prove multiple elements under the sewage-disposal-system event exception, the source of the defect is not one of them. See *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 415-416; 875 NW2d 242 (2015).

As to the lack of a written claim relating to the October 2017 flooding, MCL 691.1419 provides the notice requirements for the sewer-disposal-system-event exception. Subsection (1) requires the plaintiff to give written notice of a claim:

> (1) Except as provided in subsections (3) and (7), a claimant is not entitled to compensation under [MCL 691.1417] unless the claimant notifies the governmental agency of a claim of damage or physical injury, in writing, within 45 days after the date the damage or physical injury was discovered, or in the exercise of reasonable diligence should have been discovered. The written notice under this subsection shall contain the content required by subsection (2)(c) and shall be sent to the individual within the governmental agency designated in subsection (2)(b). To facilitate compliance with this section, a governmental agency owning or

---

[4] Nor does defendant pursue its argument that the City vacated this portion of the sewer system.

operating a sewage disposal system shall make available public information about the provision of notice under this section. [MCL 691.1419(1).]

However, under subsection (2), the contacting agency must inform a person notifying the agency of an event how to file written notice:

> (2) If a person who owns or occupies affected property notifies a contacting agency orally or in writing of an event before providing a notice of a claim that complies with subsection (1), the contacting agency shall provide the person with all of the following information in writing:
>
> (a) A sufficiently detailed explanation of the notice requirements of subsection (1) to allow a claimant to comply with the requirements.
>
> (b) The name and address of the individual within the governmental agency to whom a claimant must send written notice under subsection (1).
>
> (c) The required content of the written notice under subsection (1), which is limited to the claimant's name, address, and telephone number, the address of the affected property, the date of discovery of any property damages or physical injuries, and a brief description of the claim. [MCL 691.1419(2).]

Under subsection (3), a claimant who did not file a written notice of the claim is not barred from brining suit if the governmental agency was notified of the event per subsection (2), and both of the following are true:

> (a) The claimant notified the contacting agency under subsection (2) during the period for giving notice under subsection (1).
>
> (b) The claimant's failure to comply with the notice requirements of subsection (1) resulted from the contacting agency's failure to comply with subsection (2). [MCL 691.1419(3).]

Plaintiff immediately notified defendant of the October 2017 flooding event, which was sufficient to trigger defendant's obligation under MCL 691.1419(2). However, defendant did not inform plaintiff that it was required to file another written claim or provide any other information required by subsection (2). Because defendant failed to provide that information, plaintiff could proceed with a suit as to damages for the October 2017 event pursuant to MCL 691.1419(3). See *Dybata v Wayne Co*, 287 Mich App 635, 646-647; 791 NW2d 499 (2010) (holding that the plaintiffs were not barred from bringing suit when the county received a list of properties affected by sewer backups and failed to provide the property owners the information required MCL 691.1419(2)).

Affirmed. As the prevailing party, plaintiff may tax costs. MCR 7.219(A).

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan