BOATMAN v MOTORISTS MUTUAL INSURANCE COMPANY

Docket No. 90800. Submitted October 20, 1986, at Lansing. Decided
    March 3, 1987.

Cheryl Boatman brought an action in the Genesee Circuit Court
    against Motorists Mutual Insurance Company, her no-fault
    automobile insurer. Plaintiff alleged that defendant was liable
    for personal injury protection benefits for injuries she sustained
    at a horse race track when the starting gate permanently
    affixed to an automobile failed to close, went beyond the track
    railing, and struck her. Defendant moved for summary disposi-
    tion, arguing that the starting-gate vehicle either was not a
    "motor vehicle" as defined in the no-fault act, or that it was not
    being used as a motor vehicle at the time of the injury.
    Defendant further argued that plaintiff's injuries were not
    foreseeably identifiable with the normal use, maintenance, or
    ownership of a motor vehicle. Plaintiff filed a countermotion for
    summary disposition, contending that there were no genuine
    issues of material fact and that she was entitled to judgment as
    a matter of law. The trial court, Judith A. Fullerton, J., denied
    defendant's motion and granted plaintiff's motion, ruling that
    the automobile, despite the starting-gate modifications, did not
    cease to be a motor vehicle and that it was being used "in its
    locomotive function" at the time of the accident and that
    plaintiff was entitled to all applicable no-fault benefits from
    defendant. Defendant filed a motion for reconsideration and
    reiterated the arguments it had earlier raised. Following a
    hearing, the trial court, over plaintiff's objection, denied the
    motion, but stated on the record that the issue of whether the
    use of the automobile was of a type foreseeably identifiable
    with the use of a motor vehicle and the issue of damages
    remained undecided. Both parties filed motions for summary
    disposition on the foreseeability issue. The trial court granted

REFERENCES

Am Jur 2d, Appeal and Error §§ 292-308.

Am Jur 2d, Judgments §§ 457, 926, 1053-1056.

What constitutes "entry of judgment" within meaning of Rule 58 of
    Federal Rules of Civil Procedure. 32 ALR Fed 772.

Comment Note: Formal requirements of judgment or order as
    regards appealability. 73 ALR2d 250.

defendant's motion, finding plaintiff was not entitled to no-fault benefits, and denied plaintiff's motion for the imposition of sanctions on defendant. Plaintiff appealed. Defendant cross-appealed from the trial court's earlier rulings that the starting-gate vehicle was a motor vehicle and that it was being used as such at the time of the accident.

The Court of Appeals *held:*

1. The judgment which the court initially entered in favor of plaintiff was a final judgment and was conclusive as to defendant's liability for no-fault benefits. Defendant's failure to appeal from that judgment in a timely fashion or to move for reconsideration in a timely fashion made the order by which the judgment was entered res judicata as to the issue of defendant's liability. The trial court thus erred in reopening the liability issue by means of an inquiry into foreseeability.

2. Defendant's meritless motion for reconsideration unnecessarily delayed the payment of benefits to plaintiff and may have added considerable expense to this lawsuit. The Court of Appeals remanded the case for the imposition of reasonable sanctions on defendant pursuant to court rule and a determination of plaintiff's damages.

Reversed and remanded.

1. JUDGMENTS — APPEAL — FINAL ORDERS.

Whether an order is a final judgment from which a party may appeal is determined not by the order's form, but by its effect; if an order finally disposes of the subject matter in controversy, it is a final judgment.

2. INSURANCE — NO-FAULT — JUDGMENTS — APPEAL.

A trial court's grant of summary disposition in favor of a plaintiff who sought no-fault insurance benefits conclusively determined the issue of the defendant insurer's liability where the defendant failed to appeal from the judgment or move for its reconsideration in a timely fashion.

*Beltz & Nickola* (by *John D. Nickola*), for plaintiff.

*Bellairs, Dean, Cooley, Siler & Moulton* (by *Steven W. Moulton*), for defendant.

Before: SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

SHEPHERD, J. Plaintiff appeals from a grant of summary disposition in favor of defendant. The trial court found that the injuries plaintiff sustained were not "foreseeably identifiable" with the normal use, maintenance or ownership of a motor vehicle, and thus ruled that plaintiff was not entitled to no-fault benefits. We hold that the trial court erred in reopening the issue of entitlement to no-fault benefits as that question was previously resolved in favor of plaintiff in a final order not appealed from by defendant. We reverse.

The facts are not in dispute. On September 22, 1983, plaintiff, Diana Venier, and Sherri Everett, all of whom are Michigan residents, were injured while attending a horse race in Ohio. The injuries occurred after the starting gate, which was permanently affixed to a 1979 Cadillac, pulled away from the horses and started to leave the track. Because of mechanical failure or human error, the gate failed to close. It passed beyond the railing and into the crowd, injuring at least plaintiff, Venier, and Everett.

All three sought personal injury benefits from their no-fault carriers and, when benefits were denied, filed suit. Because all three cases arose out of the same set of facts and circumstances, they were consolidated. Shortly thereafter, Venier settled with her insurance carrier and her suit was dismissed.

The two remaining carriers filed a joint motion for summary disposition. On May 15, 1985, plaintiff and Everett responded to the motion. In the same document, plaintiff and Everett filed a countermotion for summary disposition, alleging that

* Circuit judge, sitting on the Court of Appeals by assignment.

there was no genuine issue of material fact and that they were entitled to judgment as a matter of law.

A hearing was held on May 24, 1985. Counsel for Everett's carrier argued that the starting-gate vehicle either was not a "motor vehicle," as that term is defined in the no-fault act, or that it was not being used as a motor vehicle at the time of injury. Counsel for defendant Motorists Mutual Insurance Company, plaintiff's carrier, argued a third ground, that the injuries were not "foreseeability [sic] identifiable" with the normal use, maintenance, or ownership of a motor vehicle. At the conclusion of argument, the trial court ruled from the bench that the vehicle was a "motor vehicle" under the act and that it was being used as a motor vehicle at the time the injuries were sustained. On this basis, the court denied the carriers' motion for summary disposition. In its bench opinion, the court did not mention the foreseeability issue. After the ruling, plaintiff's counsel reminded the court he had filed a countermotion for summary disposition. After confirming that plaintiff's motion was the "same issue, the other way," the trial court ruled, "as I just said, a motor vehicle being used as same."

Thereafter, plaintiff's attorney noticed for entry a proposed judgment entitled "Partial Judgment." Defendant filed no objection to the proposed order, and the court entered it on June 4, 1985. The order stated that, despite the starting-gate modification, the Cadillac did not cease to be a motor vehicle and that it was being used "in its locomotive function" at the time of the accident. The order reflected the denial of defendant's motion and the granting of plaintiff's motion, no genuine issue of material fact existing except as to the amount of damages. The order further provided

that plaintiff "is entitled to all applicable Michigan No-Fault benefits" from defendant. The court retained jurisdiction "to decide the amount in controversy if need be." As a result of this order, Everett's carrier paid her no-fault benefits and that suit was dismissed.

On October 21, 1985, four and one-half months after the "partial judgment" was entered, defendant moved for reconsideration, arguing that the June 4, 1985, order was contrary to law on three grounds: (1) the vehicle was not a "motor vehicle" as defined in the act; (2) the vehicle was not being used as a motor vehicle; and (3) the injury was not foreseeably identifiable with the use of a motor vehicle. A hearing was held on the motion on November 12, 1985. Defense counsel argued that the foreseeability issue had not been previously addressed. The trial court agreed and stated that it had made no explicit ruling on the foreseeability issue either in the bench ruling or in the resulting order. Thus, the court concluded that the issue was yet to be decided.

On December 23, 1985, the trial court entered an order, over plaintiff's objection, which stated that the motion for reconsideration was denied. However, it also stated that two issues remained: (1) whether the use of the Cadillac "is the type of conduct that is foreseeably identifiable with the *normal* use of a motor vehicle" and (2) damages. The effect of this ruling was to reopen the question of liability. At the hearing on plaintiff's objection to entry of the order, the court reiterated its position that it had never ruled on the foreseeability issue. At the same time, the court admitted that it "may have implicitly have done so by signing the order that I signed" and apologized for any confusion it may have created.

Thereafter, both parties moved for summary

disposition on the foreseeability issue. Plaintiff's motion was in the form of a motion to reconsider her initial motion for summary disposition. Both motions were heard on January 13, 1986. After hearing argument, the court granted defendant's motion for summary disposition, thereby finding plaintiff was not entitled to no-fault benefits. From the court's comments, it is not clear that the court realized it was ordering the entry of a final judgment. The court repeatedly offered to "certify" the question to this Court. The basis of the ruling was that the trial court was persuaded that an issue on foreseeability existed. It appears that the court granted defendant's motion simply so that this Court could review the issue, e.g., "Let's find out whether this foreseeability aspect that I have been persuaded now does exist, is in fact an issue . . . ," and, "If that's the law, then that'll be the law, and I don't know what it is for sure, but at this point I am persuaded there is an issue on foreseeability."

On February 3, the court entered an order denying plaintiff's claim for no-fault benefits, finding that the motor vehicle's use and plaintiff's injuries were not foreseeably identifiable with the normal use of a motor vehicle. The court denied plaintiff's motion for summary disposition and granted defendant's motion for summary disposition. The court also denied plaintiff's motion for imposition of sanctions. Plaintiff appeals from that order. Defendant cross-appeals from the court's earlier rulings that the starting-gate vehicle was a "motor vehicle" and that it was being used as a motor vehicle at the time of the accident.

We find plaintiff's first issue dispositive. The June 4, 1985, judgment was a final judgment. Defendant's failure to appeal from that judgment prevented the court from reopening the liability issue by means of an inquiry into foreseeability.

The fact that the order is entitled "Partial Judgment" is not determinative. Whether an order is a final judgment is determined not by its form, but by its effect. If an order finally disposes of the subject matter in controversy, it is a final judgment. *Attorney General ex rel Comm'r of Ins v Lapeer Farmers Mutual Fire Ins Ass'n,* 297 Mich 188, 191-192; 297 NW 230 (1941).

The issue is whether a judgment in a no-fault case must establish damages as well as liability for it to be final. In their commentary on former GCR 1963, 518, the rule preceding MCR 2.604, Honigman and Hawkins wrote that a partial summary judgment on issues establishing liability but leaving the issue of damages to be determined is not a "true" judgment, but is more in the nature of a pretrial order. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 628. They also noted that such a judgment "is not *normally* subject to appeal." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 363 (emphasis supplied). MCR 2.116(J)(2)(b) appears to limit summary disposition appeals as of right to those involving a final judgment.

The judgment in this case provided, however, that plaintiff was entitled to "all applicable Michigan No-Fault benefits." That determination was conclusive as to defendant's liability for no-fault benefits. In the no-fault situation, at least, it was also a sufficient determination of a right to damages to render the judgment final. What expenses fall under personal protection insurance are fairly definite under the act and the case law. See MCL 500.3107; MSA 24.13107. Under this provision, an injured person receives benefits to cover the reasonable and necessary costs of medical care arising from the accident. The insured also receives workloss benefits. From the record, we can discern no

controversy over the reasonableness or necessity of the medical care plaintiff has received or the amount of the claimed work-loss benefit. Rather, the controversy appears to center solely on the issue of liability. The June 4, 1985, judgment contained a determination of a right to damages which was sufficiently specific and which was understood by the parties as an award of damages. The circuit court retained jurisdiction to decide the specific amount of damages only "if need be," further suggesting the conclusiveness of the award as to liability . The June 4, 1985, judgment settled all the rights of the parties that were then in dispute. Consequently, it was a final judgment.

The amount of damages in a no-fault case is a question that necessarily remains open even after the determination of liability. The damages in a no-fault case can continue for a very long period of time, i.e., for the life of the injured person. The issue can arise much later as to whether a claimed medical expense is attributable to the accident. It is necessary that a judgment such as was entered in this case be final to permit an appeal as of right on the liability issue, without affecting the insurer's right to challenge the amount of damages in an appropriate case. Swift payment of no-fault benefits is one purpose of the no-fault act. See *Davey v Detroit Automobile Inter-Ins Exchange,* 414 Mich 1, 10; 322 NW2d 541 (1982). That purpose was frustrated by the reopening of the liability issue in this case.

The recent case of *Manley v Detroit Automobile Inter-Ins Exchange,* 425 Mich 140; 388 NW2d 216 (1986), is instructive. Manley was injured in an automobile accident and suffered very severe injuries requiring intensive care. At some point after benefits were paid, a dispute with the insurer arose concerning continued payment for private

nursing care. Following a jury trial, the court entered a declaratory judgment requiring, among other provisions, that the insurer pay for unskilled nursing care "as long as John Manley is cared for at the home of his parents" or until further court order. The *Manley* Court stated in part:

> DAIIE contends that because the no-fault act requires a no-fault insurer only to reimburse an injured person for necessary allowable expense actually incurred, the trial judge erred in entering a declaratory judgment establishing amounts payable in the future before the expense was actually incurred. The tendency of this contention is that DAIIE may relitigate factual and legal issues that have already been decided when the Manleys seek payment for expenses incurred after the date of the trial. That is neither a workable nor a sound rule of law.
>
> While a no-fault insurer is required to pay only necessary allowable expenses actually incurred, it does not follow that when a dispute arises a trial court is precluded from entering a declaratory judgment determining that an expense is both necessary and allowable and the amount that will be allowed. Such a declaration does not oblige a no-fault insurer to pay for an expense until it is actually incurred. [425 Mich 156-157.]

The issue in *Manley* is not the same as the issue presented here. Nor does it appear that the insurer in *Manley* disputed liability. Nonetheless, *Manley* serves to emphasize the difficulty of establishing damages in a no-fault case and the need for keeping that question open. The judgment in the instant case was effectively a declaratory judgment on the issue of defendant's liability under the no-fault act. It conclusively determined that issue.

As the judgment was final, defendant's failure to appeal it in a timely fashion, MCR 7.204(A), or

move for reconsideration in a timely fashion, MCR 2.119(F), made the liability determination of the June 4, 1985, order res judicata as to that issue. We believe the circuit court erréd in reopening the liability issue. Defendant's arguments concerning whether the Cadillac was a motor vehicle or was being used as a motor vehicle at the time may have merit. Those issues, as well as the trial court's alleged failure to address the foreseeability issue, should have been appealed before, as the trial court's finding of no-fault liability and benefits owed to plaintiff was determinative. The foreseeability argument is merely another aspect of the liability issue determined by the order. Those issues are not before us in this current appeal and we will not consider them in this untimely fashion. Accordingly, we reverse the grant of summary disposition and remand for further proceedings, including a determination of the amount of plaintiff's damages if necessary.

Plaintiff requested that the trial court impose sanctions as defendant's motion to reconsider was not well grounded under MCR 2.119(F). In light of our holding that the unappealed final judgment was res judicata as to defendant's liability, we agree. Defendant's motion has unnecessarily delayed payment of the benefits to which plaintiff is entitled, and has presumably added considerable expense to this lawsuit. We remand for the imposition of reasonable sanctions pursuant to MCR 2.113(A) and 2.114(E).

Our disposition renders the remaining issues moot. Reversed and remanded.