CHILDREN'S HOSPITAL OF MICHIGAN v AUTO CLUB
INSURANCE ASSOCIATION

BRONSON METHODIST HOSPITAL v AUTO CLUB
INSURANCE ASSOCIATION

Docket Nos. 102419, 102420. Decided March 19, 1996. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the dismissal orders of the Court of Appeals, and remanded the cases to the respective circuit courts for further proceedings.

Children's Hospital of Michigan and other hospitals brought an action in the Wayne Circuit Court against Auto Club Insurance Association and Auto Club Group Insurance Company, seeking a declaratory judgment with regard to the payment of no-fault insurance benefits, and a permanent injunction barring the insurers from paying benefits at a rate less than the plaintiffs' charges. The court, Denise Page Hood, J., granted summary disposition for the plaintiffs and determined that the amount of liability would be entered in thirty days. The Court of Appeals, DOCTOROFF, P.J., and MURPHY and REILLY, JJ., in an unpublished order, dismissed the appeal for lack of jurisdiction because the order appealed was not a final order (Docket No. 179902). The defendants seek leave to appeal.

Bronson Methodist Hospital brought an action in the Kalamazoo Circuit Court against Auto Club Insurance Association and others, seeking a like declaration. Following a bench trial, the court, John F. Foley, J., entered judgment for the plaintiff and determined that the amount of liability would be entered in thirty days. The Court of Appeals, DOCTOROFF, P.J., and MURPHY and REILLY, JJ., dismissed the appeal in an unpublished order (Docket No. 181381). Defendant ACIA seeks leave to appeal. .

In a unanimous opinion per curiam, the Supreme Court held:

Under the language of MCR 2.604 in effect at the time the orders in these cases were entered, the orders were not final judgments and, thus, not appealable of right. The plaintiffs filed complaints seeking declaratory and monetary relief, and the circuit courts' orders granted only the requested declaration.

Each order explicitly provided that there would be further proceedings with regard to the amount of liability.

Affirmed and remanded for further proceedings.

*Becker, Lanctot, McCutcheon, Schoolmaster, Taylor & Hom* (by *Clair W. Hoehn*); *Gross, Nemeth & Silverman, P.L.C.,* of counsel (by *Steven G. Silverman*), for the defendants.

PER CURIAM. In these cases, the Court of Appeals dismissed claims of appeal on the ground that the circuit court orders were not final. We affirm those dismissals.

I

*CHILDREN'S HOSP OF MICHIGAN v ACIA*

In late 1992, Children's Hospital of Michigan and several other hospitals sued a group of insurers. The dispute concerned the amounts that were being billed for the care of persons who had been injured in motor vehicle accidents. MCL 500.3157; MSA 24.13157. The hospitals sought a declaratory judgment and money damages.

Several orders of dismissal reduced the number of defendants. Among those who remained were Auto Club Insurance Association and Auto Club Group Insurance Company. They and the plaintiffs then filed cross-motions for summary disposition.

Following a hearing on the motions, the circuit court issued this order:

> 1. A Summary Judgment is granted in favor of plaintiffs on all claims set forth on Exhibit A of the most recent Amended Complaint in which the defendants have asserted that the plaintiffs' charges are not reasonable or are not customary.
>
> *   *   *
>
> 4. The Court will enter a judgment within 30

days in a specific dollar amount in plaintiffs' favor, reflecting all claims falling within paragraph 1 above. The parties are to meet to attempt to determine what this dollar amount is. The parties shall appear in court on November 17, 1994 at 9:00 A.M. prepared to address all other issues remaining in the case, including the amount of the final Judgment to be entered in plaintiffs' favor on all claims not falling within paragraph 1.

The Auto Club defendants (ACIA) filed a claim of appeal, but the clerk's office at the Court of Appeals wrote defense counsel, observing that there appeared to be no final judgment in the case.

Counsel responded that he had filed the early claim of appeal because failure to do so would have forfeited ACIA's appeal of right, according to a case called *Boatman v Motorists Mut Ins Co,* 158 Mich App 431; 404 NW2d 261 (1987). Counsel offered the view that *Boatman* was wrongly decided, but said that he had filed the claim of appeal in order to protect the interests of his clients.

Some weeks later, the clerk's office sent notice that the appeal had been docketed. However, a panel of the Court of Appeals subsequently dismissed the appeal:

The Court, pursuant to MCR 7.216(A)(10), orders that the claim of appeal is dismissed for lack of jurisdiction because the order appealed from is not a final order appealable by right. MCR 7.203. The order is not final because the question of the plaintiffs' damages is still pending. The appellants may claim an appeal when the final money judgment in favor of plaintiffs is entered. [Unpublished order, entered March 3, 1995 (Docket No. 179902).]

ACIA then filed an application for leave to appeal to this Court.

II

*BRONSON METHODIST HOSP v ACIA*

This case is similar. In three circuit court files that were later consolidated, Bronson Methodist Hospital filed suit against ACIA and several insured persons. Again, the dispute concerned the hospital's charges to the insurer, and Bronson Methodist sought both declaratory relief and money damages.

Following a bench trial, the circuit court issued an oral opinion in favor of Bronson Methodist. Two months later, the court entered this order:

> This matter having come before the Court after a trial on the merits, and the Court having rendered an Opinion dated September 19, 1994,
>
> IT IS HEREBY ORDERED that the customary amounts which have been charged to the Defendant for medical necessaries that arose from automobile accidents, and which have been charged to the Defendant under the Michigan No Fault law in effect on September 19, 1994, for their insureds, do not violate the customary charge provision of the No Fault Statute.
>
> IT IS FURTHER ORDERED, and held that the reasonableness of the expenses incurred in an automobile accident may be judged by comparison with rates charged by other institutions, and that the charges by Plaintiff are reasonable on the basis of those comparisons.
>
> IT IS FURTHER ORDERED, that the parties have thirty (30) days from the date of this Order to submit a finding of amounts due Plaintiff from Defendant, which have been billed under the No Fault provisions, but remain unpaid.

ACIA filed a claim of appeal. In response, counsel again received a letter from the clerk's office asserting that there was no final judgment. He then

wrote a letter similar to the one he had sent in *Children's Hosp,* but the Court of Appeals nonetheless dismissed the appeal:

> The Court, pursuant to MCR 7.216(A)(10), orders that the claim of appeal is dismissed for lack of jurisdiction because the order appealed from is not a final order appealable by right. MCR 7.203. The order is not final because the amount of plaintiff's damages has yet to be determined. Defendants-appellants may claim an appeal from the order which determines the amount of plaintiff's recovery or damages. [Unpublished order, entered February 24, 1995 (Docket No. 181381).]

As in *Children's Hosp,* ACIA has applied for leave to appeal.

III

As the Court of Appeals observed, one may file a claim of appeal from a "final judgment or final order of the circuit court." MCR 7.203(A)(1). The phrase "final judgment" is reasonably clear on its face. Further, when these orders were entered in late 1994, MCR 2.604[1] explained that partial judgments are ordinarily not final. Subsequent amend-

---

[1] (A) Final Judgment on Fewer Than All Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment on one or more but fewer than all the claims or parties, but only on an express determination that there is no just reason for delay.

(B) Modification Before Final Judgment. Absent an express determination, an order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

ments that took effect in July[2] and September[3] 1995 even more clearly stated that a partial judgment is not a "final judgment."

Under the language in effect at the time these orders were issued, these were not final judgments. There had been no "express determination that there is no just cause for delay," and there is no other basis for concluding that these were final judgments. Likewise, the revised language of the 1995 amendments demonstrates that these orders were not appealable as of right.

## IV

In his correspondence with the clerk's office at the Court of Appeals, counsel for ACIA evidenced a familiarity with the court rules discussed in the preceding section of this opinion. It was *Boatman* that compelled him to file the claims of appeal.

---

[2] An order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties. *Such an order or other form of decision is not appealable as of right before entry of final judgment.* A party may file an application for leave to appeal from such an order. [448 Mich cxiii (1995) (emphasis supplied).]

[3] (A) Except as provided in subrule (B), an order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties. *Such an order or other form of decision is not appealable as of right before entry of final judgment.* A party may file an application for leave to appeal from such an order.

(B) In receivership and similar actions, the court may direct that an order entered before adjudication of all of the claims and rights and liabilities of all the parties constitutes a final order on an express determination that there is no just reason for delay. [450 Mich xix (1995) (emphasis supplied).]

*Boatman* was a no-fault case in which several insured persons sought personal injury benefits following an accident at a horse race track involving a starting gate that was permanently attached to an automobile. When benefits were denied, the plaintiffs sued their carriers.

On cross-motions for summary disposition, the circuit court entered a document entitled "partial judgment," which provided that plaintiff Boatman "is entitled to all applicable Michigan No-Fault benefits" from the defendant insurer. The "partial judgment" further indicated that the court was retaining jurisdiction "to decide the amount in controversy if need be."

Several months later, the defendant in *Boatman* moved for reconsideration. In response, the circuit court entered an order that stated that the motion was denied. However, the effect of the ruling was to reopen the question of liability. Again, both parties filed motions for summary disposition. After a hearing, the court granted the defense motion, thus finding that the plaintiff was not entitled to no-fault benefits.

The plaintiff appealed in *Boatman,* and the Court of Appeals reversed. It held that the initial order (titled "partial judgment") was in fact a final judgment, notwithstanding the court's failure to ascertain the amount of damages. Thus the circuit court was said to have erred by reopening the question of liability. The Court of Appeals declined to address the merits of the arguments presented by the insurer in support of the circuit court's determination that the plaintiff was not entitled to no-fault benefits.

v

Counsel for ACIA is correct that *Boatman* is on

point. However, counsel for ACIA is also correct that *Boatman* was wrongly decided.[4]

As noted above, there is simply no basis in the court rules for concluding that the orders in these cases were "final." The plaintiffs filed complaints seeking declaratory and monetary relief, and the circuit courts' orders granted only the requested declaration. Each order explicitly provided that there would be further proceedings with regard to the amount of liability.[5]

There are, obviously, cases in which it is far more efficient to process an appeal after liability has been found, but before damages are calculated. One can readily imagine instances in which an extended and complex calculation of damages should be postponed, pending appellate consideration of a question of law. However, the existence of such a situation is a ground upon which to apply for leave to appeal, not an exception to the rules governing appeals of right.

We affirm the dismissal orders entered by the Court of Appeals, and we remand these cases to the respective circuit courts for further proceedings. MCR 7.302(F)(1).

BRICKLEY, C.J., and LEVIN, CAVANAGH, BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.

[4] In its applications to this Court, ACIA invites us to affirm the orders it is appealing.

[5] Similarly, *Boatman* was a suit for money damages. By contrast, Michigan's no-fault jurisprudence includes declaratory-judgment actions in which the case is concluded upon a determination of liability.