*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HURON VALLEY OUTFITTERS, LLC,

       Plaintiff-Appellant,

v

CHARTER TOWNSHIP OF LYON,

       Defendant-Appellee.

UNPUBLISHED
January 18, 2024

No. 361871
Oakland Circuit Court
LC No. 2020-179677-CK

Before: GLEICHER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

In this appeal by right, plaintiff Huron Valley Outfitters, LLC, challenges the trial court's grant of summary disposition in favor of defendant Charter Township of Lyon (the Township) on plaintiff's breach-of-contract claim. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In 2016, plaintiff purchased vacant land from the Township. The Purchase Agreement contained the following clause:

2.2      Seller shall reserve unto itself, a non-exclusive and assignable Easement for the construction of a Ring Road which shall traverse the Property in a roughly easterly/westerly direction and which Ring Road shall ultimately connect to Milford Road and Grand River Avenue, as generally depicted on attached "Exhibit C" (the "Ring Road"). The Ring Road, when constructed, shall be entirely located within the area reserved by Seller as illustrated in Exhibit C. The easement shall reserve unto Seller a 120' wide easement area for the construction of the planned Ring Road, which, when constructed, shall be a dedicated public roadway, along with the installation and maintenance of any and all utilities which Seller shall desire to place or cause to be placed within the easement, and such other ancillary items as may be reasonably related to the development and construction of the Ring Road, including the construction of same. Upon the establishment of the final specific location of the roadway and utilities, such easement shall be reduced to the actual size required to accommodate the required road right-of-way,

-1-

and the easement over the residual area shall be terminated and released so as to provide for Ring Road frontage and unencumbered Ring Road access along the entire length of the Property. Notwithstanding anything to the contrary contained in this Agreement, Purchaser shall not be responsible for the performance of work or the payment of any costs associated with the reservation of the Ring Road Easement or the construction and installation of the Ring Road or any utilities or such ancillary items as may be placed within the Ring Road Easement area or which may be reasonably related to the development and construction of the Ring Road.

The parties also executed an agreement titled "Roadway Easement Agreement." This agreement, in which plaintiff was designated "Grantor" and the Township was designated "Grantee," provided in relevant part as follows:

1. Grant of Easement. For the sum of One Dollar ($1.00), Grantor, as the owner of certain land located in the Township of Lyon, County of Oakland, State of Michigan, and more particularly described on the attached **Exhibit A**, incorporated herein by reference (the "Property") does hereby grant to Grantee a non-exclusive, perpetual, assignable easement for public roadway purposes (the "Roadway Easement") and to construct, operate, maintain, repair, and/or replace roadways, utilities (either overhead or underground), and other infrastructure improvements in, over, under, upon, and through the following described portion of the Property:

**SEE LEGAL DESCRIPTION OF 120 FOOT WIDE RIGHT OF WAY AND SURVEY DRAWING ATTACHED AS EXHIBIT B AND INCORPORATED HEREIN BY REFERENCE** (the "Roadway Easement Area").

2. Construction. Grantee and/or its assigns shall have the right to design, construct, improve, repair, and maintain a road (the "Roadway") and/or public and franchise utilities and such other improvements that Grantee, in its sole discretion deems necessary to provide continuous, adequate, convenient, and reasonable means of ingress and egress access through the Roadway Easement Area to, from, and throughout the Property, and the neighboring properties (collectively, the "Roadway Improvements"). Any such Roadway Improvements contemplated herein shall be at no cost to Grantor, except that any improvements required to provide Grantor with access to the Roadway Easement Area, when so improved, shall be the responsibility of Grantor.

In 2020, after the Township had not initiated construction of the Ring Road over plaintiff's property, plaintiff filed the present action alleging, as relevant to the instant appeal, that the Township had breached the parties' agreement by not constructing the road. Plaintiff contended that the Township was contractually required to build the Ring Road.

On June 3, 2020, the trial court denied plaintiff's motion for summary disposition under MCR 2.116(C)(9) on the contract claim and allowed the parties to engage in discovery. On September 14, 2020, the trial court denied the Township's motion for summary disposition under MCR 2.116(C)(10) on the contract claim, concluding that § 2.2 of the Purchase Agreement was

"unambiguous as to the party's intent to reserve the easement, its purpose, and its location," but that the language was ambiguous "as to its construction (e.g., who and when)." The judge originally assigned to this case retired and was replaced by a successor judge. On September 1, 2021, the trial court granted summary disposition in favor of the Township under MCR 2.116(C)(10) on the contract claim, reasoning that "this Court cannot find that defendant [Township] breached the terms of the Purchase Agreement or the Roadway Easement Agreement because it did not expressly obligate defendant to construct Ring Road or that the construction had to be completed by a certain timeframe." The court therefore dismissed the breach of contract claim.

The Township subsequently sought attorney fees and costs pursuant to § 14 of the Purchase Agreement. The trial court denied the Township's motion in a June 8, 2022 order. This appeal followed. Further facts relevant to the resolution of the issues on appeal will be discussed as necessary below.

## II. JURISDICTION

We first address the Township's challenge to this Court's appellate jurisdiction over "any issues adjudicated by the trial court on, or prior to, December 10, 2021, including the September 1, 2021 Opinion and Order." The Township previously filed a motion in this Court to limit the scope of this appeal to issues related to the June 8, 2022 order and to dismiss as untimely the appeal of any issues related to the September 1, 2021 or December 10, 2021 orders. The Township argued that a December 10, 2021 order was a final order under MCR 7.202(6)(a)(i) because it was "the first judgment or order that dispose[d] of all the claims and adjudicate[d] the rights and liabilities of all the parties . . . ." Additionally, the Township further argued that the June 8, 2022 order was a subsequent, separate final order under MCR 7.202(6)(a)(iv) because it was a postjudgment order awarding or denying attorney fees. Plaintiff filed its appeal on June 21, 2022. Consequently, the Township argued that although plaintiff's appeal was timely filed within 21 days of the June 8, 2022 order, see MCR 7.204(A)(1), plaintiff's appeal was limited to the issues decided in the June 8, 2022 order regarding attorney fees and costs. See MCR 7.203(A)(1) ("An appeal from an order described in MCR 7.202(6)(a)(iii)-(v) is limited to the portion of the order with respect to which there is an appeal of right."). The Township contended that plaintiff's appeal of issues decided in the earlier orders were untimely and should be dismissed. See MCR 7.204(A) ("The time limit for an appeal of right is jurisdictional."). This Court denied the Township's motion.[1]

The Township has reasserted its jurisdictional challenge in its appellate brief. "Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). Under MCR 7.202(6)(a)(iv), a "postjudgment order awarding or denying attorney fees and costs under court rule or other law" is a final order in a civil case.

---

[1] *Huron Valley Outfitters LLC v Charter Twp of Lyon*, unpublished order of the Michigan Court of Appeals, entered November 23, 2022 (Docket No. 361871).

-3-

Here, the Township specifically moved in the trial court for attorney fees and costs based plaintiff's failure to prevail on its breach of contract claim and an attorney fee/cost shifting clause in § 14 of the parties' purchase agreement that entitled the prevailing party in "any litigation or arbitration . . . arising out of [the] parties' actions to enforce the terms of this Agreement" to "recover reasonable attorneys' fees and costs it has incurred in the defense or prosecution of such action."

A "contractual clause providing that in the event of a dispute the prevailing party is entitled to recover attorney fees is valid. And [a]ttorney fees awarded under [such] contractual provisions are considered damages, not costs." *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007) (quotation marks and citations omitted; alterations in original). When the amount of damages remains unresolved, a trial court's order regarding the issue of liability alone is not a final judgment or order. *Children's Hosp of Mich v Auto Club Ins Ass'n*, 450 Mich 670, 674-675, 677; 545 NW2d 592 (1996).

In its September 1, 2021 opinion and order, the trial court dismissed plaintiff's breach-of-contract claim with prejudice based on its finding that the terms of the Purchase Agreement and Easement Agreement did not expressly obligate the Township to construct the Ring Road. The trial court denied summary disposition with respect to plaintiff's other claims. In an October 12, 2021 order, the trial court denied plaintiff's motion for reconsideration.

In the December 10, 2021 order, the trial court dismissed the remaining two counts of plaintiff's complaint pursuant to the parties' stipulation. This order also expressly provided that the order had no effect on the Township's pending motion for attorney fees and costs under the contract. Accordingly, at this point, the issue of liability had been determined in the Township's favor on the breach-of-contract claim but the issue of damages in the form of prevailing party attorney fees and costs pursuant to the contract's fee-shifting clause remained pending. *Fleet Business Credit*, 274 Mich App at 589. Thus, the December 10, 2021 order was not a final order. *Children's Hosp of Mich*, 450 Mich at 674-675, 677; MCR 7.202(6)(a)(i) (providing that "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties" is a final order or final judgment).

Plaintiff was therefore not entitled to an appeal by right from the December 10, 2021 order. MCR 7.203(A)(1) ("The court has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6) . . . ."); MCR 2.604(A) (stating in relevant part that "an order or other form of decision adjudicating fewer than all the claims . . . does not terminate the action as to any of the claims or parties, . . . is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties[, and] . . . is not appealable as of right before entry of final judgment").

The June 8, 2022 order addressed the Township's motion for attorney fees and costs pursuant to the contract and was the "first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a)(i). "[A] party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (quotation marks

-4-

and citation omitted; alteration in original). We thus have jurisdiction over plaintiff's claims related to the previous orders that plaintiff challenges on appeal.

## III. SUMMARY DISPOSITION

On appeal, plaintiff challenges the trial court's various rulings throughout the proceedings regarding summary disposition on plaintiff's breach of contract claim. Plaintiff argues that the trial court erred by denying plaintiff's motion for summary disposition on this claim and that the trial court also erred by subsequently granting summary disposition in the Township's favor on this claim.

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is appropriate under MCR 2.116(C)(9) when "[t]he opposing party has failed to state a valid defense to the claim asserted against him or her." MCR 2.116(C)(9). A "motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true." *Village of Edmore v Crystal Automation Sys, Inc*, 322 Mich App 244, 261; 911 NW2d 241 (2017) (quotation marks and citation omitted). "If the defenses are so clearly untenable as a matter of law that no factual development could possibly deny the plaintiff's right to recovery, then summary disposition under this rule is proper." *Id*. (quotation marks and citation omitted). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160. A genuine issue of material fact exists if, after considering the evidence in a light most favorable to the opposing party, "the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

The essential issue of dispute between the parties is whether the Township was contractually obligated to build the Ring Road as a result of the language creating the easement in favor of the Township over plaintiff's property. Plaintiff maintains that the relevant language unambiguously requires the Township to build the Ring Road or, alternatively, that the language is at least ambiguous such that extrinsic evidence may be considered to determine the parties' intent and that the interpretation of the contract presents a question of fact to be resolved by the fact finder at trial. Thus, the first issue that we must address with respect to all of plaintiff's appellate arguments is whether the easement language was ambiguous with respect to the Township's obligation, or lack thereof, to build the Ring Road.

"The primary goal in interpreting contracts is to determine and enforce the parties' intent." *Village of Edmore*, 322 Mich App at 262 (2017) (quotation marks and citation omitted). To discern the parties' intent, we must "read[] the agreement as a whole and attempt[] to apply the plain language of the contract itself," giving the contract language its "ordinary, plain meaning." *Id*. (quotation marks and citation omitted). "If the language of the contract is unambiguous, we construe and enforce the contract as written" because "an unambiguous contractual provision is reflective of the parties' intent as a matter of law." *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). "Once discerned, the intent of the parties will be enforced unless it is contrary to public policy." *Id*.

Relevant extrinsic evidence may be considered to aid in the interpretation of a contract, without violating the parol evidence rule, if the contract language is ambiguous. *Klapp v United*

*Ins Group Agency, Inc*, 468 Mich 459, 469-470; 663 NW2d 447 (2003). A contract is ambiguous if "its words can reasonably be understood in different ways," *Village of Edmore*, 322 Mich app at 262, or "two provisions of the same contract irreconcilably conflict with each other," *Klapp*, 468 Mich at 467. "The construction of the terms of a contract is generally a question of law for the court; however, where a contract's meaning is ambiguous, the question of interpretation should be submitted to the fact-finder." *Village of Edmore*, 322 Mich App at 262.

Here, there is no language in the Purchase Agreement or the Roadway Easement Agreement that expressly imposes an obligation on the Township to actually construct the Ring Road. It is apparent that the parties merely set forth conditions for the creation, location, and permitted use of an easement. Although § 2.2 of the Purchase Agreement provides that the Ring Road must be within the location of the easement and will be a dedicated public roadway "when constructed," this language still does not indicate that the Township agreed to actually construct Ring Road. The only reasonable understanding of the language in the Purchase Agreement and the Roadway Easement Agreement is that the Township was required to meet certain conditions if it decided to exercise its right to build Ring Road within the easement. Because the language is unambiguous, it reflects the parties' intent as a matter of law and must be enforced as written. *Quality Prod & Concepts*, 469 Mich at 375. Because there is no language in the contract from which this Court could infer that the parties agreed the Township was obligated to construct the road, the Township could not be in breach for not constructing the road and plaintiff has not shown that the trial court erred by granting summary disposition in favor of the Township on plaintiff's contract claim.

To the extent that plaintiff argues that the trial court found in earlier orders by the original trial court judge that the Purchase Agreement language reserving the easement was ambiguous and that the successor judge essentially vacated these orders improperly by granting summary disposition in favor of the Township on the basis that the language unambiguously did not obligate the Township to build the Ring Road, plaintiff fails to state a meritorious claim of error requiring reversal. A nonfinal order that does not adjudicate all the claims and the rights and liabilities of all the parties, such as the earlier orders to which plaintiff refers, is subject to revision before entry of a final order, even by a successor judge. *Meagher v Wayne State Univ*, 222 Mich App 700, 718; 565 NW2d 401 (1997); MCR 2.604(A).

In light of the above conclusions, which are dispositive of this appeal, we need not address plaintiff's additional arguments for reversal.

Affirmed. Defendant having prevailed in full is entitled to costs. MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro