*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RIVERSBEND REHABILITATION, INC.,

      Plaintiff-Appellee,

v

HOME-OWNERS INSURANCE COMPANY,

      Defendant-Appellant,

and

MELISSA BURGESS,

      Defendant.

UNPUBLISHED
June 13, 2024

No. 365113
Bay Circuit Court
LC No. 2019-003429-NF

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

In this action by a medical services provider against an insurer to recover payment for benefits it rendered under an assignment of rights from the insured, defendant-appellant, Home-Owners Insurance Company (HOIC), appeals by right a judgment in favor of plaintiff, Riversbend Rehabilitation, Inc. (Riversbend), that was entered after a jury trial. The trial court properly found that this action was not barred by the doctrine of res judicata and that certain jury instructions requested by HOIC were unsupported by the evidence, but we agree with HOIC that Riversbend lacked any assigned right to pursue a portion of the benefits. We therefore vacate the judgment in part as to that portion of Riversbend's recovery, and we remand for entry of a corrected judgment and for any other further proceedings necessary.

## I. BACKGROUND

Melissa Burgess suffered a traumatic brain injury in a 2005 automobile accident. She was insured by HOIC. Burgess was treated at Riversbend, a rehabilitation facility specializing in traumatic brain injuries. In 2006, she was discharged. Although she was able to obtain some employment, she suffered from a variety of issues ranging from memory problems to personality

-1-

changes, and she encountered difficulties with her relationships, her jobs, and her money. At her doctor's insistence, she eventually returned to Riversbend in 2015 as a semi-independent resident. Riversbend provided her with services that included several forms of therapy and supervision. HOIC paid Riversbend's bills for a time, but it questioned the necessity of the services. HOIC investigated, and in 2018 it ceased making payments.

Riversbend commenced an action against HOIC later in 2018, but it did not provide an assignment of rights from Burgess related to this 2018 case, and Riversbend was not permitted to pursue a direct claim at that time under *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). HOIC moved for summary disposition in the 2018 action. While that motion was pending, Riversbend commenced this action in 2019, now furnished with an assignment of rights from Burgess (the 2019 assignment). The two complaints were otherwise essentially identical. HOIC also moved to dismiss this case, after which Riversbend proposed either (1) consolidating the cases or (2) dismissing the 2018 case and permitting this case to go forward.

The trial court entered an order that purported to dismiss the 2018 case "with prejudice" and stated that all claims for unpaid bills from more than a year before the 2019 complaint was filed (before July 30, 2018) would be barred by the one-year-back rule, MCL 500.3145. HOIC then moved to dismiss this case on the basis of res judicata, which the trial court denied, finding that its order dismissing the 2018 case expressly left this case undisturbed.

Riversbend subsequently sought to supplement its complaint to add a further assignment of rights (the 2022 assignment) from Burgess covering rights to recover benefits that went unpaid after the first assignment of rights. Riversbend alternatively sought to amend its complaint so the second assignment would relate back to its original complaint. In the meantime, HOIC had filed a direct action for a declaratory judgment against Burgess regarding the benefits at issue here, and Burgess filed a counterclaim against HOIC in that case[1] in February or March[2] 2022.

HOIC opposed Riversbend's motion to supplement or amend in this case, and it also argued that at a minimum, the one-year-back rule meant that Burgess had no right to recover benefits that went unpaid more than a year before she filed her counterclaim. The trial court granted Riversbend's motion to amend, and Riversbend filed an amended complaint that was identical to its first complaint, but now attached both the 2019 and 2022 assignments.

After the conclusion of testimony, HOIC asked the trial court to instruct the jury regarding the distinction between "allowable expenses," which were indefinitely recoverable, and "replacement services expenses," which had a cap on recovery. The trial court refused to give that

---

[1] Burgess's counterclaim alleged breach of contract and sought declaratory relief and damages in her favor regarding the same benefits at issue here. This other case was consolidated with this case and settled on the eve of trial.

[2] HOIC asserts that Burgess filed this counterclaim on February 28, 2022, the day it was signed. However, the record shows this document was not filed until March 2, 2022, so we use this date for the purpose of this opinion.

instruction, reasoning that it was unsupported by the evidence and that Riversbend was not seeking to recover expenses for "replacement services." HOIC argued to the jury that Riversbend could only recover for services necessary to the care, recovery, or rehabilitation of Burgess's brain injury, and the evidence showed that the services rendered by Riversbend were not necessary for that purpose. The jury returned an itemized verdict in favor of Riversbend, setting forth specific amounts due for each month from August 2018 through October 2022. The trial court subsequently denied HOIC's motion for judgment notwithstanding the verdict, and it entered a judgment in favor of Riversbend for $898,362.67, inclusive of attorney fees.

## II. RES JUDICATA

HOIC primarily argues that the dismissal of the 2018 action precludes this case under the doctrine of res judicata. Because the trial court properly interpreted its own order as leaving this case intact, res judicata does not apply.

## A. STANDARD OF REVIEW

A grant or denial of summary disposition is reviewed de novo. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). "Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by res judicata or collateral estoppel." *Jackson v Southfield Neighborhood Revitalization Initiative*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361397); slip op at 24 (quotation marks and citation omitted). "We review de novo the application of a legal doctrine, such as res judicata and collateral estoppel." *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359681); slip op at 2 (*C-Spine II*).

"Interpreting the meaning of a court order involves questions of law that we review de novo on appeal." *Citizens for Higgins Lake Legal Levels v Roscommon Co Bd of Comm'rs*, 341 Mich App 161, 177; 988 NW2d 841 (2022) (quotation marks and citation omitted). A trial court's orders and judgments are generally interpreted in the same manner as would be a contract. *AFT v State*, 334 Mich App 215, 236; 964 NW2d 113 (2020); see also *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). "This Court reviews de novo as a question of law the proper interpretation of a contract, including . . . whether contract language is ambiguous." *Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021). However, although the question of "[w]hether a contract is ambiguous is a question of law," if the contract is ambiguous, "determining the meaning of ambiguous contract language becomes a question of fact." *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 474; 986 NW2d 427 (2022) (quotation marks and citation omitted). "A court's factual findings underlying the application of legal issues are reviewed for clear error." *In re Morris*, 491 Mich 81, 97; 815 NW2d 62 (2012); *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006).

## B. PRINCIPLES OF LAW

Res judicata is a legal doctrine that prevents "multiple suits litigating the same cause of action," and it applies broadly to "claims already litigated" and to "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *C-Spine II*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted). The elements

-3-

of res judicata are "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the claims in the second case were, or could have been, resolved in the first case." *Id*. at ___; slip op at 3. The key issue here is whether dismissal of the 2018 case constituted a decision on the merits.

"[A] voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336 (1997). However, a voluntary dismissal entered by order of a court, rather than by stipulation, may be entered "on terms and conditions the court deems proper." MCR 2.504(A)(2). "A dismissal under such provisions generally affords the trial court broad discretion concerning the res judicata effect of the dismissal." *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co of Pittsburgh, PA*, 223 Mich App 559, 564 n 3; 567 NW2d 456 (1997).

"[A] court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). As stated, we construe the relevant order here under the same rules of construction as for contracts. "If no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce contractual language as written, unless the contract is contrary to law or public policy." *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). "On the other hand, if the language of a contract is ambiguous, courts may consider extrinsic evidence to determine the intent of the parties." *Shay v Aldrich*, 487 Mich 648, 660; 790 NW2d 629 (2010).

A contractual provision is ambiguous if it is equally susceptible to multiple meanings or if it irreconcilably conflicts with another contractual provision. *Bridging Communities, Inc v Hartford Cas Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 355955); slip op at 8. "[A] contract must be read to give effect to every portion where possible, and should never render a phrase nugatory." *Abdelmaguid v Dimensions Ins Group, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 361674); slip op at 14.

C. APPLICATION

Interpreting the trial court's order, we conclude that the court's dismissal of the 2018 case was not a decision on the merits, excepting the specific claims the order barred under the one year back rule. Therefore, the trial court properly (1) concluded that this case was left undisturbed by its order dismissing the 2018 case and (2) denied HOIC's motion to dismiss.

If the order of dismissal of the 2018 case had only stated that the 2018 case was dismissed with prejudice, that language would be dispositive as a resolution on the merits. See *Limbach*, 226 Mich App at 395. However, the order contained an additional provision: "IT IS FURTHER ORDERED AND ADJUDGED that all claims for unpaid medical prior to July 30, 2018 made in File 19-2329-NF [the instant case] are barred by the one year back rule . . . ." This provision must also be given effect. See *Abdelmaguid*, ___ Mich App at ___; slip op at 14. On its face, the second provision conflicts with the first, which dismissed with prejudice identical claims to those here, because it indicates that this case remained viable.

Further, because the second provision expressly barred only certain specific claims within this case, any claims not dismissed remained. See *McCarthy & Assoc, Inc v Washburn*, 194 Mich

-4-

App 676, 678-680; 488 NW2d 785 (1992) (discussing the finality of orders dismissing some, but not all, theories or claims in a case). Although not an *express* statement that there would be further proceedings, cf *Children's Hosp of Mich v Auto Club Ins Ass'n*, 450 Mich 670, 677; 545 NW2d 592 (1996), there would be no reason to include a statement explicitly addressing some of the potential claims here unless this case was to remain pending. Otherwise, the second provision in the order would be nugatory and irrelevant. In any event, the presence of the second provision renders the order ambiguous because either some portion of the order was nugatory or the two provisions conflicted, thereby permitting us to consider extrinsic evidence to resolve the order's meaning.

Here, extrinsic evidence plainly shows that both parties and the trial court expected that this case would remain ongoing. Indeed, HOIC's counsel *explicitly commented* that the effect of the order as discussed at the hearing would frustrate HOIC's goal of dismissing both cases, and that it understood the order as requiring HOIC to "act as if the only lawsuit was the 2019 lawsuit." This extrinsic evidence shows that the dismissal order *procedurally* disposed of the 2018 case, but the dismissal was clearly intended as an adjudication on the merits only of particular claims for damages that might have accrued before a certain date.

The trial court correctly construed its order as having left this case intact, and it therefore did not err by ruling that this case is not precluded by res judicata and denying HOIC's motion for summary disposition. It is unnecessary to consider the other two elements of res judicata.

## III. STANDING AND AMENDMENT

HOIC also argues that Riversbend lacked standing to pursue reimbursement for any unpaid benefits after Burgess executed the 2019 assignment, and that the trial court erred by allowing Riversbend to amend its complaint so the 2022 assignment would relate back to the 2019 complaint. Riversbend did not lack standing, because it had a valid assignment of some rights when it filed its complaint in this case. And the trial court did not err by permitting Riversbend to *supplement* its complaint, irrespective of the label given to that supplementation. However, the assignments of rights ultimately failed to convey to Riversbend any right to recover for benefits that went unpaid between July 30, 2019 and March 2, 2021.

## A. STANDARD OF REVIEW

"Standing is a legal issue that this Court reviews de novo." *Newton v Progressive Marathon Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364569); slip op at 4. "We review a trial court's decision on a motion to amend pleadings for an abuse of discretion." *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 458; 980 NW2d 119 (2021). "A trial court's decision on whether to permit a party to serve a supplemental pleading is also discretionary." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207; 920 NW2d 148 (2018); see also *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 400-401; 729 NW2d 277 (2006).

## B. AMENDMENT OR SUPPLEMENTATION

While HOIC is correct that Riversbend was not permitted to "amend" its complaint to include a new assignment of rights that would relate back to the date of its original complaint, its

purported "amended" complaint was effectively a permissible supplementation and, therefore, not a nullity.

An amended pleading will relate back to the date of the original pleading, while a supplemental pleading will not. *Shah*, 324 Mich App at 203-205. This Court has also held that a purported "amendment" to a pleading to account for new assignments of rights that were made after the date of the original pleading was, in reality, a supplement rather than an amendment. *Id*. HOIC is therefore correct that the 2022 assignment from Burgess could not relate back to the date of the 2019 complaint. However, HOIC goes too far by arguing that the "amended complaint" was a complete nullity merely because it says it is "amended" and the trial court granted a motion to "amend." "Courts are not bound by a party's choice of labels because this would effectively elevate form over substance." *Id*. at 204 (quotation marks and citation omitted). It is obvious that the "amended" complaint was really a supplementation. It was identical to the original complaint in all respects other than the attachment of another assignment of rights. There is no reason why the trial court would have abused its discretion by permitting that supplementation, and we will treat the document as what it is rather than by blindly relying on its label.

## C. STANDING OR RIGHT TO PURSUE CLAIMS

Riversbend did not lack standing, but it did lack assigned rights to pursue recovery for some of the unpaid benefits at issue.

HOIC argues that Riversbend lacked standing to pursue its claims in some respects, but in making that argument, HOIC misunderstands the nature of standing. Standing is determined as of the outset of the case. *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 592; 983 NW2d 798 (2022). "[A]n assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Cannon Twp v Rockford Pub Schs*, 311 Mich App 403, 412; 875 NW2d 242 (2015). "[O]ne must be the real party in interest at the time the lawsuit is filed." *Wallace v Suburban Mobility Auth for Regional Transp*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 360537) (quotation marks and citation omitted); slip op at 5. When Riversbend filed its complaint in this case, it attached an assignment from Burgess that conveyed actual rights to seek recovery of at least some of the damages at issue. Cf. *id*. at ___; slip op at 6. Riversbend thus held actual rights to pursue the relief it sought at the time the complaint was filed, so Riversbend does not lack standing.

The gravamen of HOIC's argument is actually that Riversbend could not recover damages for benefits that went unpaid between July 30, 2019, when it filed its original complaint and attached the 2019 assignment, and February 28, 2021,[3] which was a year before Burgess filed her counterclaim. This is a valid argument, because whether a party "has an actionable claim for relief is a different question than whether it has a right to litigate its current grievance in our courts." *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, 344 Mich App 626, 633; 2 NW3d 71 (2022) (*C-Spine I*).

---

[3] Again, we use the counterclaim's March 2022 filing date in addressing and deciding this issue.

An assignment of rights can only convey rights "actually held at the time of the execution of the assignment." *Shah*, 324 Mich App at 205. As stated, HOIC is correct that the 2022 assignment from Burgess could not relate back to the date of the 2019 complaint. It is also correct that the 2019 assignment could not cover any future benefits from after it was filed, i.e., after July 30, 2019. See MCL 500.3143 ("An agreement for assignment of a right to benefits payable in the future is void."); *Bronson Health Care Group, Inc v USAA Cas Ins Co*, 335 Mich App 25, 34; 966 NW2d 393 (2020) ("MCL 500.3143 . . . preclude[es] an assignment of benefits payable in the future.").[4]

Moreover, under the "one-year-back rule," MCL 500.3145, a claimant seeking to recover personal injury protection benefits can only recover losses incurred within one year before the action was filed. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206-208, 221-222; 815 NW2d 412 (2012). And again, an assignment of rights can only convey rights "actually held at the time of the execution of the assignment." *Shah*, 324 Mich App at 205.

HOIC argues that, at the time Burgess executed the 2022 assignment, she had commenced her counterclaim against HOIC, so she was precluded from recovering any unpaid benefits from one year before she filed the counterclaim. HOIC argues that Burgess's 2022 assignment therefore only conveyed a right to recover benefits that went unpaid after this cutoff. HOIC is correct.

In *Shah*, this Court considered what rights an assignor could assign by considering what the assignor could have recovered if he had filed his own action as of the date of the assignment. *Shah*, 324 Mich App at 204. The assignor in that case executed assignments to the plaintiff on July 11, 2017, and had the assignor "filed an action directly against [the] defendant on July 11, 2017, he would not have been permitted to recover benefits for any portion of the loss incurred one year before that date." *Id*. Here, because Burgess had already filed a claim against HOIC on March 2, 2022 for the same benefits at issue as in the 2022 assignment, she had a right to recover benefits up to a year before this date. Therefore, she could have assigned rights to recover benefits that went unpaid as far back as March 2, 2021, but no further. And as discussed, the 2019 assignment could not relate to any unpaid benefits from after this initial assignment was filed.

Accordingly, HOIC is correct that Riversbend lacked any assigned rights to recover for benefits that went unpaid between July 30, 2019 and March 2, 2021, and it is entitled to partial vacation of the judgment in Riversbend's favor on that basis.

---

[4] We acknowledge that the Legislature amended MCL 500.3112 in 2019 to provide health care providers with a direct cause of action to recover unpaid benefits without any assignment from the insured. Riversbend does not address on appeal this change of law, which occurred right around when it filed its 2019 complaint in this case, and this procedure is not at issue here.

## IV. JURY INSTRUCTIONS

Lastly, HOIC challenges the trial court's decision denying its proposed jury instruction. We conclude that the trial court correctly refused to give HOIC's requested jury instruction because it was unsupported by the evidence.

### A. STANDARD OF REVIEW

"Each party to an action is entitled to have the jury instructed with reference to his theory of the case, where such theory is supported by competent evidence and the instruction is properly requested, and this although such theory may be controverted by evidence of the opposing party." *In re Piland*, 336 Mich App 713, 732; 972 NW2d 269 (2021) (quotation marks and citation omitted). "We review claims of instructional error de novo." *Ward v Consol Rail Corp*, 472 Mich 77, 83; 693 NW2d 366 (2005). "In doing so, we examine the jury instructions as a whole to determine whether there is error requiring reversal." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "Even if somewhat imperfect, instructions do not create error requiring reversal if, on balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury." *Id*. "[I]t is error to instruct the jury on a matter not supported by the evidence." *Guerrero v Smith*, 280 Mich App 647, 661; 761 NW2d 723 (2008).

### B. ANALYSIS

HOIC argues that its theory of the case was that some or all of the services being provided by Riversbend were "replacement services expenses" that were subject to limitations on duration and on recoverable dollar amounts. It requested a jury instruction defining "replacement services expenses," as contrasted to "allowable expenses," which could be recovered indefinitely. However, HOIC's own evidence established that it had never paid for anything other than "allowable expenses," and the nature of the services being provided to Burgess did not meaningfully change after July 2018. Riversbend was only seeking to recover for essentially the same services it had been providing before July 2018. The evidence therefore failed to show that Riversbend was actually seeking to recover for any "replacement services expenses." Rather, the evidence established that the services Riversbend was providing were all "allowable expenses." An instruction regarding "replacement services expenses" would have been unsupported by the evidence and erroneous if given. The trial court, therefore, properly rejected HOIC's proposed instruction.

## V. CONCLUSION

We affirm in part the verdict in favor of Riversbend, but we reverse that portion of the verdict awarding Riversbend damages for benefits that went unpaid between July 30, 2019 and March 2, 2021. We vacate the judgment in favor of Riversbend, and we remand for entry of a corrected judgment and for any further proceedings that might be necessary, such as to address attorney fees. We do not retain jurisdiction. The parties shall bear their own costs on appeal, neither party having prevailed in full. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Noah P. Hood
/s/ Adrienne N. Young